# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT GREENEVILLE

| | | |
|---|---|---|
| TIMOTHY R. ROBINETTE, | § | |
| | § | No.: 2:15-CV-273 |
| Plaintiff, | § | *Jury Demand* |
| | § | |
| | § | |
| | § | |
| NORFOLK SOUTHERN RAILWAY | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

# ANSWER

For answer to the Complaint, the Defendant, Norfolk Southern Railway Company says as follows:

(1)     The allegations of Paragraph 1 of the Complaint are admitted.

(2)     The allegations of Paragraph 2 of the Complaint are admitted.

(3)     It is admitted that Plaintiff brings this action pursuant to the Federal Employer's Liability Act but it is denied that Plaintiff would be entitled to any recovery whatsoever from the Defendant pursuant to the Act or under any theory.

(4)     Jurisdiction and venue are admitted.

(5)     Jurisdiction and venue are admitted.

(6)     On November 12, 2014, Plaintiff claimed that he was injured while descending a step located at the Defendant's Frisco, Tennessee Yard Office. At this time, the Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 6 of the Complaint.

(7)     It is believed that Plaintiff's alleged incident took place following his tour of duty for the Defendant. Accordingly, at this time, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint.

(8)     The allegations of Paragraph 8 of the Complaint are denied. To the contrary, it is denied that the Defendant, Norfolk Southern Railway Company would be liable to the Plaintiff and it is denied that the Defendant caused in any way the alleged incident that has been made the subject of the Plaintiff's Complaint. The sole, only, proximate and 100% cause of the alleged incident were multiple negligent acts and negligent omissions to act on the part of the Plaintiff himself and/or a physical condition peculiar to the Plaintiff for which the Defendant would not in any way be responsible.

(9)     The Defendant adopts its responses to the above Paragraphs.

(10)     At all times material, the Defendant provided to the Plaintiff a reasonably safe place to work. Furthermore, Plaintiff's alleged incident was unforeseeable under the circumstances, given the fact that the step in which Plaintiff was intimately familiar, was in plain view and obviously in a reasonable safe condition and Plaintiff himself had negotiated the step multiple times without incident. He simply failed to properly negotiate the step.

(11)     At this time, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint.

(12)     The charge of negligence is again denied. At all times material, the Defendant provided to the Plaintiff a reasonably safe place in which to work. Except as thus explained, the remaining allegations of Paragraph 12 of the Complaint are denied.

(13)     The allegations of Paragraph 13 of the Complaint are denied.

(14)     It is denied that the step was unsafe as claimed. The remaining allegations of Paragraph 14 of the Complaint are denied.

(15)     Again, at all times material, the subject step was not dangerous nor was it unsafe as claimed. Plaintiff negligently failed to properly negotiate the step. Except as thus explained, the remaining allegations of Paragraph 15 of the Complaint are denied.

(16)     The allegations of Paragraph 16 of the Complaint are denied.

(17)     The allegations of Paragraph 17 of the Complaint are denied.

(18)     The allegations of Paragraph 18 of the Complaint are denied. It is denied that the Plaintiff has been injured in the nature and to the extent claimed.

(19)     The allegations of Paragraph 19 of the Complaint are denied. Again, it is denied that the Plaintiff has been injured in the nature and to the extent claimed.

(20)     It is denied Plaintiff would be entitled to any recovery whatsoever from the Defendant, Norfolk Southern Railway Company.

## SECOND DEFENSE

(21)     The sole, only, proximate and 100% cause of the accident were multiple negligent acts and negligent omissions to act on the part of the Plaintiff. The Plaintiff had negotiated the step successfully in the past and Plaintiff failed to exercise reasonable care for his own safety, failed to watch where he was walking and placing his foot, and placed his foot improperly and negligently negotiated the step, negligently failed to control his body movement, and failed to avoid the incident when he had an opportunity to do so.

## THIRD DEFENSE

(22)    Although the Defendant, Norfolk Southern Railway Company denies that it was negligent in any way as claimed, Plaintiff was contributorily negligent as described above.

## FOURTH DEFENSE

(23)    Plaintiff's physical injury was caused by an anatomical condition peculiar and particular to him for which the Defendant would not be responsible.

## FIFTH DEFENSE

(24)    Plaintiff's medical expenses have been paid by the Defendant by virtue of an agreement between his Union and the Defendant and consequently the Plaintiff would not be entitled to recover for medical expenses or, in the alternative, the Defendant would be entitled to a set-off.

## SIXTH DEFENSE

(25)    The Defendant reserves the right to plead the Doctrine of Failure to Mitigate after engaging in preliminary pretrial discovery procedures.

## SEVENTH DEFENSE

(26)    The Defendant reserves the right to plead further after engaging in preliminary pretrial discovery procedures.

WHEREFORE, the Defendant, Norfolk Southern Railway Company prays that it be dismissed and demands trial by jury.

4

BAKER, O'KANE, ATKINS & THOMPSON, PLLP

S/ John W. Baker, Jr., Esq., BPR #001261
  *Attorney for Defendant*
  2607 Kingston Pike, Suite 200
  P.O. Box 1708
  Knoxville, Tennessee 37901-1708
  (865) 637-5600-Office
  (865) 637-5608-Fax
  E-Mail: jbaker@boatlf.com

## CERTIFICATE OF SERVICE

I hereby certify that on *October 30, 2015*, a copy of the foregoing *Answer*, was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

S/ John W. Baker, Jr., Esq.